JonNSON, Chief Judge.
The single question we propose to consider is, whether the issue presented by the motion and answer of Carrington and Casey is one for the court or for a jury.
By the 53d section of the code, every other action than those specially provided for “ must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned.”
By section 58 of the code, “ where the action is rightly brought in any county, according to the provisions of title 4, a summons shall he issued to any other county, against *600 !any one or more of the defendants, at the plaintiff’s request.”
"Whether Carrington and Casey could be 'served in Lucas county, depends on whether the action was “rightly brought ” in Cuyahoga county, as their co-defendant, Cunningham, was served in that county. The petition alleges as a ground of action, that all the defendants were the owners of the schooner, and that all were guilty of the negligence charged, which was, “ that ■for the purpose of enabling said Conway and others to unload said vessel and remove the ore aforesaid, the defendants personally, and by the aid and means of their agents, servants, and employes, erected upon said vessel an apparatus for hoisting said ore therefrom, . . . which was wholly insufficient for the purpose; . . . said apparatus, by reason of being improperly and insecurely erected, fastened, and secured, gave way and broke,” and thereby the deceased was killed.
If these allegations are true, then the suit was purely transitory in its character, and might be brought in any county where any one of .the defendants resided or might be served. Code, § 58.
The grounds for a recovery are that each and all these defendants were guilty of negligence, in erecting upon said vessel, of which they were owners, an unsafe and insecure hoisting apparatus, to be used in unloading the ore, which, while being used by Conway, without any fault of his, fell and caused his death.
The motion and answer of Carrington and Casey does not deny these allegations, except as to the joint ownership of the vessel. They aver, however, that Cunningham was not such joint owner, but only in command as captain at a fixed salary, and that neither of them was in Cuyahoga county at the time.
As to the charge that they, with Cunningham, were guilty of negligence in erecting and keeping on the vessel an unsafe hoisting apparatus, the motion and answer are silent.
*601 Assuming, however, that these material averments of the petition, as to negligence, were put in issue by the motion and answer, the question is presented — who is to determine the question of fact thus raised ? The claim is, that, if Carrington and Casey are liable at all, it is as owners responsible for the acts of the captain and other employes on the schooner, under the rule of respondeat superior; and it is claimed, as a matter of pleading, that the master and his servant can not be joined in an action for the negligence of the servant. Whether this be so or not, we need not here inquire.
The plaintiff’s right of recovery does not depend on the doctrine of respondeat superior. His claim does not rest on that ground, but on that of joint and mutual negligence of each of the defendants in the erection of an unsafe hoisting apparatus on a vessel of which they were joint owners. We may assume, for the purposes of this case, that, upon the state of fact as claimed in this motion and answer, these defendants could not be served in Lucas county.. It will be conceded that, if the facts are as alleged in the petition, they were pioperly served.
The petition has, upon its face, made a case, under the 53d and 58th sections of the code, for sending a summons to Lucas county. The answer and motion, in substance, deny the allegations of the petition in that behalf. The petition makes a case in which all the defendants are guilty of negligence! The answer makes one, or seeks to make it, where the liability of the non-resident defendants, if any ■ exists, is for the acts of their servants and agent, under the maxim, respondeat superior.
This is an issue of fact. The action is to recover a money judgment, and the question is, is this an issue for the court or jury?
If, upon the face of the petition, it appeared that the plaintiff had no right, under section 58 of the code, to send a summons to another county, a motion to quash such summons might be entertained and determined by the court, for that would be a question of law.
*602 Under section 87 of the code, a demurrer lies, where it appears upon the face of the petition, that the court has no jurisdiction over the person. If it does not so appear, then by section 89 the objection may be taken by answer.
The issue of fact in this case, raises the single question, had the court jurisdiction over the persons of Carrington and Casey ?
If this issue is found for plaintiff the court has such jurisdiction. If found for the defendants, and if, as a matter of law, which we do not determine, a master and servant, can not be joined as defendants in an action for the servant’s negligence, then no jurisdiction was acquired over these defendants, although they are liable as masters for the acts of Cunningham as their servant in Lucas county.
By section 261 of the code, “ an issue of facts arises, 1. Upon a material allegation of the petition denied by the answer,” etc.; and, by section 263, “ issues of fact for the recovery of money . . . shall be tried by a jury, unless a jury trial be waived.” We think the court erred in hearing and determining this issue. The plaintiff had the right to submit it to a jury. The court in assuming to try this issue, on motion was, in fact, fiuding upon material allegations of the petition alleged as a ground for a recovery.
The Presbyterian Society of Gallipolis v. Smithers, 12 Ohio St. 248, is decisive of this point. In that case, persons claiming to be trustees of a corporation, brought suit to recover possession of property owned by it. The answer by the defendants denied these persons were such trustees, and averred that they were the lawful trustees. Upon motion of defendant the issue was tried by the court, and the action was dismissed.
On error to this court, it was held, that this was an issue oi fact, under sections 87 and 89 of the code, as to the legal capacity of plaintiffs to sue, which was properly triable by a jury, and that the court below erred when it undertook to determine it upon motion.
*603 It is not within the power of a plaintiff to compel parties residing out of the county where suit is brought to answer out of their own county, by uniting with them a mere nominal party, or one not rightly joined with them as a defendant. In order to give the court jurisdiction over the persons of non-resident defendants, who are joined with resident defendants, the latter must have a real and substantial interest adverse to the plaintiff. Allen v. Miller, 11 Ohio St. 374.
Where a resident and a non-resident of the county are sued as joint contractors, and service is made on the latter in his own county, and on the trial it turns out that the resident defendant is not liable, judgment can not be rendered against the non-resident, because the jurisdiction of the court over his person depended on his being rightly joined with the resident defendant, and as the verdict found he was not liable, there was no authority to summon the non-resident to answer out of the county where he was served.
In the last two cases, like the one at bar, the jurisdiction of the court over the non-resident defendants depended upon the facts in issue, which could only be determined in the usual way.
In Allen v. Miller, the non-resident defendant answered to the jurisdiction, and also to the merits; and, upon final trial, it appearing that the resident defendant was not properly joined as a defendant, and had no real interest adverse to the plaintiff', the case was dismissed as to the non-resident.
So, in this case, if upon a trial of the issue it should appear that Cunningham was not properly made a defendant, the service on the non-residents gave the court no jurisdiction over them. In such a case, the court could only obtain jurisdiction over them by a service in Cuyahoga county, or by waiver.
Allen v. Miller, 11 Ohio St. 374, was an action by assignees of an account against the assignors resident of the county *604 where suit was brought, who was there served, joined with the debtor, who resided in another county, as co-defendants, and who was served by summons where he resided.
It was admitted by the plaintiff that the defendants who, as alleged, owed the account, were not residents or served with process in the county where the action was pending, and, it appearing on the face of the petition that the assignors of the account had no real and substantial interest adverse to the plaintiff, the court, on motion, dismissed the action as to the non-residents served in another county. The admission in this case presented a question of law, and was properly determined by the court.
Judgment is reversed, and cause remanded.